1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

9  CONSUELO VELIZ,                          No. 1:15-CV-03170-JTR

10              Plaintiff,                   ORDER GRANTING PLAINTIFF'S
                                             MOTION FOR SUMMARY
11         v.                                JUDGMENT

12

13  CAROLYN W. COLVIN,
    Commissioner of Social Security,
14

15              Defendant.

16

17       **BEFORE THE COURT** are cross-Motions for Summary Judgment.  ECF

18  No. 17, 22.  Attorney Cory J. Brandt represents Consuelo Campos Veliz (Plaintiff);

19  Special Assistant United States Attorney Tina R. Saladino represents the

20  Commissioner of Social Security (Defendant).  The parties have consented to

21  proceed before a magistrate judge.  ECF No. 6.  After reviewing the administrative

22  record and the briefs filed by the parties, the Court **GRANTS, in part,** Plaintiff's

23  Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary

24  Judgment; and **REMANDS** the matter to the Commissioner for additional

25  proceedings pursuant to 42 U.S.C. § 405(g).

26                          **JURISDICTION**

27       Plaintiff filed an application for Disability Insurance Benefits (DIB) on

28  September 12, 2012, alleging disability since January 1, 2010, due to diabetic

ORDER GRANTING PLAINTIFF'S MOTION . . . - 1

neuropathy, type 1 diabetes, stomach problems, and weight loss.  Tr. 163-169, 196, 199.  The application was denied initially and upon reconsideration.  Tr. 96-102, 104-108.  Administrative Law Judge (ALJ) Laura Valente held a hearing on May 16, 2014, and heard testimony from Plaintiff and vocational expert, Trevor Duncan.  Tr. 26-69.  At the hearing, Plaintiff amended her date of onset to January 1, 2011.  Tr. 29.  The ALJ issued an unfavorable decision on June 26, 2014.  Tr. 12-21.  The Appeals Council denied review on July 29, 2015.  Tr. 1-6.  The ALJ's June 26, 2014, decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review on September 28, 2015.  ECF No. 1, 4.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties.  They are only briefly summarized here.

Plaintiff was 39 years old at the amended onset date.  Tr. 163.  Plaintiff's last completed grade was the ninth.  Tr. 200.  Her work history includes the jobs of cashier at a convenience store, certified nursing assistant, cook/cashier at a seafood restaurant, and babysitting.  Tr. 29, 200.  She reported she last worked in January of 2010 but then did some babysitting that appeared to be at substantial gainful activities levels through 2010.  Tr. 29, 199.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The Court reviews the ALJ's determinations of law *de novo*, deferring to a reasonable interpretation of the statutes.  *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error.  *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as

1  being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put

2  another way, substantial evidence is such relevant evidence as a reasonable mind

3  might accept as adequate to support a conclusion. *Richardson v. Perales*, 402

4  U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational

5  interpretation, the court may not substitute its judgment for that of the ALJ.

6  *Tackett*, 180 F.3d at 1097. Nevertheless, a decision supported by substantial

7  evidence will be set aside if the proper legal standards were not applied in

8  weighing the evidence and making the decision. *Brawner v. Secretary of Health*

9  *and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If substantial evidence

10  supports the administrative findings, or if conflicting evidence supports a finding

11  of either disability or non-disability, the ALJ's determination is conclusive.

12  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**SEQUENTIAL EVALUATION PROCESS**

13        The Commissioner has established a five-step sequential evaluation process

14  for determining whether a person is disabled. 20 C.F.R. § 404.1520(a); *see Bowen*

15  *v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of

16  proof rests upon the claimant to establish a *prima facie* case of entitlement to

17  disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once the

18  claimant establishes that physical or mental impairments prevent her from

19  engaging in her previous occupations. 20 C.F.R. § 404.1520(a)(4). If the claimant

20  cannot do her past relevant work, the ALJ proceeds to step five, and the burden

21  shifts to the Commissioner to show that (1) the claimant can make an adjustment to

22  other work, and (2) specific jobs exist in the national economy which the claimant

23  can perform. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-1194

24  (9th Cir. 2004). If the claimant cannot make an adjustment to other work in the

25  national economy, a finding of "disabled" is made. 20 C.F.R. § 404.1520(a)(4)(v).

**ADMINISTRATIVE DECISION**

26  On June 26, 2014, the ALJ issued a decision finding Plaintiff was not

ORDER GRANTING PLAINTIFF'S MOTION . . . - 3

disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since January 1, 2011,[1] the amended date of onset.  Tr. 12.

At step two, the ALJ determined Plaintiff had the following severe impairments:  diabetes mellitus with lower extremity polyneuropathy, right upper extremity carpal tunnel syndrome, and obesity.  Tr. 14.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.  Tr. 15.

At step four, the ALJ assessed Plaintiff's residual function capacity and determined she could perform a range of light work with the following limitations:

> She can lift and/or carry up to 20 pounds occasionally and 10 pounds frequently; sit for 2 hours at a time, with usual and customary breaks, 6 of 8 hours in an 8 hour workday; can stand and walk for 4 hours total in an 8 hour workday; bilateral lower extremity push/pull is limited to occasional; bilateral push/pull with the upper extremities is limited to frequent with the same restrictions as for lift/carry; the dominant right upper extremity with regards to fine fingering, gross handling and reaching in all directions is limited to frequent; the postural are all unlimited except for frequent climbing of ramps and stairs, as well as occasional climbing of ladders, ropes and scaffolding; must avoid concentrated exposure to extreme cold, heat, vibration, and hazards, such as heights and dangerous moving machinery.

_____

[1]The ALJ's decision states that Plaintiff amended her onset date to January 11, 2011.  Tr. 12, 14, 21.  However a review of the hearing transcript reveals that Plaintiff amended her onset date to January 1, 2011.  Tr. 29.  Therefore, the ALJ's reliance on the January 11, 2011, onset appears to be a scribner's error and this Court will honor the January 1, 2011, onset date agreed to by Plaintiff at her hearing.

ORDER GRANTING PLAINTIFF'S MOTION . . . - 4

Tr. 16.  The ALJ identified Plaintiff's past relevant work as cashier II, nurse aid, seafood fry cook, and kitchen helper and concluded that Plaintiff was not able to perform her past relevant work.  Tr. 19.

At step five, the ALJ determined that, considering Plaintiff's age, education, work experience and residual functional capacity, and based on the testimony of the vocational expert, there were other jobs that exist in significant numbers in the national economy Plaintiff could perform, including the jobs of parking lot attendant and call out operator.  Tr. 20.  The ALJ concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the amended date of onset, January 1, 2011, through the date of the ALJ's decision, June 26, 2014.  Tr. 21.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.  Plaintiff contends the ALJ erred by (1) failing to properly weigh medical source opinions; (2) failing to properly consider Plaintiff's testimony about the severity of her symptoms; and (3) failing to meet her step five burden.

## DISCUSSION

### A.    Medical Opinions

Plaintiff challenges the weight the ALJ gave to the opinions of Vlastimil J. Calayan, M.D., and R. Richard Sloop, M.D.  ECF No. 7 at 8-12.

In weighing medical source opinions, the ALJ should distinguish between three different types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and, (3) nonexamining physicians who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  The ALJ should give more weight to the opinion of a treating physician than to the opinion of an examining physician.  *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007).  Likewise, the ALJ

ORDER GRANTING PLAINTIFF'S MOTION . . . - 5

should give more weight to the opinion of an examining physician than to the opinion of a nonexamining physician. *Id.*

When a treating physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons. *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991). When a treating physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons" for rejecting the opinion. *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). Likewise, when an examining physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons, and when an examining physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons" for rejecting the opinion. *Lester*, 81 F.2d at 830-831.

The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating her interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ is required to do more than offer her conclusions, she "must set forth [her] interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-422 (9th Cir. 1988).

### 1.    Vlastimil J. Calayan, M.D.

On May 12, 2014, Dr. Calayan completed a Medical Report form. Tr. 1541-1542. He opined that Plaintiff would have to lie down or elevate her legs during the day at a rate that would not be accommodated by two fifteen minute breaks and an hour long lunch. Tr. 1541. He stated that she was unable to tolerate prolonged standing and sitting due to leg pain and that she walked with a cane for support. *Id*. He identified Plaintiff's prognosis as guarded, stating that the condition appeared to have progressed based on nerve conduction studies. Tr. 1542. He

ORDER GRANTING PLAINTIFF'S MOTION . . . - 6

further stated that work on a regular and continuous basis would cause Plaintiff's condition to deteriorate and if Plaintiff attempted to work a forty hour week, he would anticipate that she would miss work four or more days per month. *Id*. Finally, he stated that these limitations had existed since June of 2011. *Id*

The ALJ gave Dr. Calayan's opinion "no weight" because (1) it was not supported by objective evidence, (2) it conflicted with Dr. Calayan's own treatment records, and (3) it was completed on a template form created by Plaintiff's attorney, which included leading questions. Tr. 18.

The first reason the ALJ provided for rejecting Dr. Calayan's opinion is not legally sufficient. The ALJ simply stated that the opinion was not supported by objective evidence, but failed to identify what objective evidence contradicted the opinion. The ALJ is required to do more than offer her conclusions, she "must set forth [her] interpretations and explain why they, rather than the doctors', are correct." *Embrey*, 849 F.2d at 421-422. Without more than a conclusion, this reason fails to meet even the lessor standard of specific and legitimate.

The second reason the ALJ provided for rejecting Dr. Calayan's opinion, that it conflicted with his own treatment records, is not legally sufficient. Inconsistencies between a provider's opinion and his treatment notes can be a clear and convincing reason to reject an opinion. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). Here, the ALJ cited one treatment record dated February 6, 2013, asserting that physical examination was largely normal. Tr. 18, *citing* Tr. 1451-1454. However, Dr. Calayan had treated Plaintiff form October 1, 2012, to April 25, 2014, when he gave his opinion. Tr. 1541. On October 29, 2013, Plaintiff reported to Dr. Calayan that she was experiencing pain with prolonged standing. Tr. 1371. On March 14, 2013, Plaintiff had an abnormal foot exam with diminished sensation in the left foot, and she was ambulating normally with a cane. Tr. 1461. On October 29, 2013, and March 24, 2014, Dr. Calayan stated she had a normal gait and station and was ambulating without a cane. Tr. 1475, 1482.

ORDER GRANTING PLAINTIFF'S MOTION . . . - 7

Additionally on March 24, 2014, she had another abnormal foot exam with diminished sensation in her left foot.  Tr. 1482.  Considering the length of time Dr. Calayan treated Plaintiff and that there was other evidence contained in his treatment records that supported his opinion, the ALJ's reliance on a single treatment record was not enough to constitute substantial evidence.  Therefore, this reason is insufficient to reject Dr. Calayan's opinion.

The ALJ's third reason for rejecting Dr. Calayan's opinion, that it was on a template form created by Plaintiff's counsel, is not a legally sufficient reason to reject the opinion.  First, the fact that an opinion was procured by counsel is not a specific and legitimate reason to reject an opinion in the absence of other evidence to undermine the credibility of the opinion.  *See Reddick v. Chater,* 157 F.3d 715, 726 (9th Cir. 1998); *Saelee v. Chater*, 94 F.3d 520, 523 (9th Cir. 1996) (the source of the referral was found to be relevant where the ALJ found "actual improprieties" to question the credibility of the medical report).  Here, the ALJ failed to provide another legally sufficient reason to undermine the credibility of the opinion.

Second, the fact that the opinion is on a template form is also irrelevant.  While the Court recognizes that there is a preference for narrative opinions over checkoff opinions, *See Murray*, 722 F.2d at 501, this form does not rise to the level of a check off opinion.  The form requires multiple descriptions of the diagnoses, symptoms, signs, and explanations.  Tr. 1541-1542.

Considering the ALJ failed to provide a legally sufficient reason that met even the lessor standard of specific and legitimate in her rejection of Dr. Calayan's opinion, the case is remanded for additional proceedings.

### 2.    R. Richard Sloop, M.D.

On March 4, 2013, Dr. Sloop evaluated Plaintiff at the request of Dr. Calayan.  Tr. 1456-1458.  He diagnosed Plaintiff with diabetic lumbosacral radiculoplexus neuropathy starting in the left lower extremity two years ago with spread to the right lower extremity approximately six months ago and mild

peripheral neuropathy from diabetes.  Tr. 1456.  On examination, she had prominent weakness in the lower extremities, a steppage gait with foot drop on the left, she was not able to walk on heels or toes, her reflexes were absent at the ankles, and sensation was diminished in the ankles bilaterally and in the left mid-foot.  Tr. 1457.  Dr. Sloop stated that Plaintiff "did work until January of 2010 as a nursing assistance.  She has not been able to work since then because of the pain and weakness."  Tr. 1456.  The ALJ concluded that Dr. Sloop inferred that Plaintiff was unable to work because of pain and fatigue.[2]  Tr. 18.  The ALJ then dismissed this inferred opinion by giving it no weight because (1) Dr. Sloop relied heavily on Plaintiff's subjective report of symptoms, (2) Plaintiff failed to follow Dr. Sloop's treatment plan, and (3) Dr. Sloop did not assign work-related limitations.  *Id*.

The ALJ's first reason for rejecting Dr. Sloop's inferred opinion, that Dr. Sloop relied heavily on Plaintiff's subjective reports, is not a legally sufficient reason.  An ALJ may discount the opinions of a treating provider because they were based "to a large extent" on the claimant's reports of symptoms, which the ALJ found not reliable; however, the ALJ must provide a basis for her determination that the treating provider's opinion was based "to a large extent" on the claimant's symptom reports.  *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014).  Here, the ALJ simply concluded that the opinion was based on Plaintiff's self-reported limitations without providing a bases for such a conclusion.  Therefore, this reason is insufficient to meet the specific and legitimate standard.

---

[2]The Court notes that this is an "inferred" opinion based on Dr. Sloop's statement that Plaintiff "did work until January of 2010 as a nursing assistant.  She has not been able to work since then because of the pain and weakness."  Tr. 18, 1456.  However, this statement is contained in the section primarily discussing Plaintiff's medical history and not a conclusion by the provider.  Tr. 1456.  Therefore, it is questionable if this is even a medical source opinion by Dr. Sloop.

Plaintiff failed to challenge the remaining two reasons the ALJ provided for rejecting Dr. Sloop's opinion.  ECF No. 17 at 11-12.  *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (the court ordinarily will not consider matters on appeal that are not specifically and distinctly argued in an appellant's opening brief).  However, since the case is being remanded and the ALJ did error as to the first reason he rejected Dr. Sloop's opinion, the ALJ is further instructed readdress the inferred opinion on remand.

**B.    Credibility**

Plaintiff contests the ALJ's adverse credibility determination in this case. ECF No. 17 at 12-15.

It is generally the province of the ALJ to make credibility determinations, *Andrews*, 53 F.3d at 1039, but the ALJ's findings must be supported by specific cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990).  Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing."  *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester*, 81 F.3d at 834.  "General findings are insufficient:  rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."  *Lester*, 81 F.3d at 834.

The ALJ found Plaintiff less than fully credible concerning the intensity, persistence, and limiting effects of her symptoms.  Tr. 17.  The ALJ reasoned that Plaintiff was less than fully credible because (1) the medical evidence did not support her allegations, (2) she misreported her substance abuse, and (3) she failed to follow prescribed treatment.

Considering the case is being remanded for the ALJ to further address medical source opinions and the evaluation of a claimant's statements regarding limitations relies in part on the assessment of the medical evidence, *See* 20 C.F.R. § 404.1529(c); S.S.R. 16-3p, the ALJ is further instructed to make a new assessment as to whether Plaintiff's subjective symptom statements are consistent

ORDER GRANTING PLAINTIFF'S MOTION . . . - 10

with the record as a whole in accord with S.S.R. 16-3p.

**C.    Step Five**

Plaintiff argues the ALJ failed to meet her step five burden because the hypothetical given to the vocational expert lacked limitations addressed by Dr. Calayan and Dr. Sloop.  ECF No. 17 at 15-16.

At step five, the Commissioner has the burden to show that (1) the claimant can make an adjustment to other work, and (2) specific jobs exist in the national economy which the claimant can perform.  *Batson*, 359 F.3d at 1193-1194.  If the limitations are nonexertional and not covered by the grids, a vocational expert is required to identify if jobs match the abilities of the claimant, given her limitations. *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995).

Because the case is being remanded for the ALJ to properly address the medical source opinions, the ALJ is further instructed to make a new residual functional capacity determination affecting both the step four and step five determinations on remand.

## REMEDY

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court.  *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989).  An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Secretary of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome," *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990).  *See also Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met).  This policy is based on the "need to expedite disability claims."  *Varney*, 859 F.2d at 1401.  But where there are outstanding issues that must be resolved before a determination can be made, and it

is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

In this case, it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated. Further proceedings are necessary for the ALJ to properly weigh medical source opinions in the record, as well as address Plaintiff's symptom statements in accord with S.S.R. 16-3p and the residual functional capacity determination in light of the reconsidered medical source opinions. Furthermore, the ALJ is instructed to take testimony from a medical expert and a vocational expert and correctly identify Plaintiff's date of onset on remand.

## CONCLUSION

Accordingly, **IT IS ORDERED:**

1.     Defendant's Motion for Summary Judgment, **ECF No. 22**, is **DENIED**.

2.     Plaintiff's Motion for Summary Judgment, **ECF No. 17**, is **GRANTED, in part**, and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

3.     Application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. **Judgment shall be entered for Plaintiff** and the file shall be **CLOSED**.

DATED November 14, 2016.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE